UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MACHON J. ANDERSON, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3010 |
| ) | |
| DR. VIPIN SHAH, ) | |
| WARDEN RICHARD YOUNG, ) | |
| SHERRY BENTON, TARA GOINS, ) | |
| JULIA VINCENT, and ) | |
| NURSE WILLIAMS, ) | |
| ) | |
|   Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, alleges that Defendants failed to adequately diagnose a painful mass in his knee, which was ultimately diagnosed as stage three Cancer.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through

1

such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff allegedly began experiencing pain and swelling in his left knee around October 20, 2008, when Plaintiff was incarcerated in Stateville Correctional Center.  An x-ray was taken, but Defendant Williams allegedly failed to follow up with Plaintiff.

Plaintiff was transferred to Western Illinois Correctional Center in May, 2009, where he continued to seek diagnosis and treatment for his left knee.  After another x-ray was taken, Dr. Shah allegedly told Plaintiff that a tumor might be causing the swelling.  Dr. Shah sent Plaintiff to a bone specialist.  Further testing also allegedly suggested that Plaintiff may have a tumor in his left knee.  However, Plaintiff was also allegedly diagnosed with Paget's disease.

No further testing was done on Plaintiff's knee until about two years later, when Plaintiff was diagnosed with a cancerous tumor in his left knee. At that point Plaintiff was diagnosed with stage three cancer and had to undergo several rounds of chemotherapy. Plaintiff's current condition is unclear.

ANALYSIS

Deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment.

> Prison doctors may exhibit deliberate indifference to a known condition through inaction, Gayton v. McCoy, 593 F.3d 610, 623–24 (7th Cir.2010); Rodriguez, 577 F.3d at 830, or by persisting with inappropriate treatment, Gonzalez v. Feinerman, 663 F.3d 311, 314 (7th Cir.2011); Greeno v. Daley, 414 F.3d 645, 653–54 (7th Cir.2005). Physicians might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. Gomez, 680 F.3d at 865; Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1039–40 (7th Cir.2012); McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir.2010).

Gaston v. Ghosh, 2012 WL 6632088 * 3 (7th Cir. 2012)(unpublished).

Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against the Defendants who are medical professionals--Dr. Shah and Nurse Williams. Plaintiff's description of his symptoms and his cancer diagnosis allow a plausible inference of a serious medical need. A plausible inference of deliberate indifference arises based on the delay in diagnosing and treating Plaintiff's condition. While negligence or professional disagreements do not amount to deliberate indifference, Plaintiff's allegations allow an inference that Dr. Shah personally knew about a substantial risk that Plaintiff had a tumor in 2009, yet ignored that risk and persisted with ineffective treatment for two years. *Compare* Greeno v. Daley, 414 F.3d 645 (7th Cir. 2005)(inference of deliberate indifference arose from doctor's "dogged persistence" in effective treatment and two-year delay in referring inmate for endoscopy) *with* Duckworth v. Ahmad, 532 F.3d 675 (7th Cir. 2008)(no deliberate indifference where, though doctor knew of bladder cancer risk, doctor's belief that a different condition was causing problems was "'not so far afield of accepted professional standards'"). An inference of deliberate indifference against Nurse Williams is more difficult to draw, and

the claim against Williams may be barred by the statute of limitations, but those determinations would be premature. *See* Devbrow v. Kalu, --- F.3d ---, 2013 WL 376297 (7th Cir. 2013)(inmate's claim for delay in diagnosing prostate cancer did not accrue until inmate learned that he had cancer).

The Court does not address the supplemental state law malpractice claim at this time because Plaintiff does not attach the documents required by 735 ILCS 5/2-622.

No claim is stated against the Defendants who processed Plaintiff's grievances or against Warden Young. These Defendants had no medical training and thus had to rely on the medical professionals' judgments. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Additionally, a failure to properly consider Plaintiff's grievance does not state a constitutional claim. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

IT IS THEREFORE ORDERED:

1. The merit review scheduled for March 4, 2013 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Dr. Shah and Nurse Williams. This case proceeds solely on this claim at this time, subject to a motion to file an amended complaint under Federal Rule of Civil Procedure 15.

3. Defendants Young, Benton, Goins, and Vincent are dismissed without prejudice for failure to state a claim against them.

4. Plaintiff's motion for the Court to seek pro bono counsel to represent him is granted (d/e 3). Attorney Barbara B. Collins is appointed as pro bono counsel for Plaintiff. The Clerk is directed to send a copy of this order to the Pro Bono Coordinator and to Ms. Collins. The Pro Bono Coordinator is directed to process the appointment through the standard pro

bono procedures. The Clerk is directed to update the docket to reflect that Barbara B. Collins is Plaintiff's counsel of record.

5. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

6. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and

shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

9. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

10. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall

constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on May 13, 2013 at 3:00 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough.  Counsel shall appear in person.  Plaintiff shall appear by video.  The clerk is directed to issue a writ to secure Plaintiff's presence at the conference.

12.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

13.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this

14. lawsuit, with prejudice.

ENTERED:  February 21, 2013

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
